### PEOPLE *v.* SMITH *et al.*

*(Court of General Sessions, New York County.   May 4, 1889.)*

1. OFFENSES AGAINST ELECTION LAWS—INDICTMENT.
    An indictment for violating Laws N. Y. 1882, c. 410, § 1904, prohibiting bribery at elections, which follows the words of the statute creating and defining the offense, and also recites the time, place, manner, and occasion of committing the alleged crime, is sufficient.

2. SAME.
    The fact that the statute makes both the giving of a bribe and the offering of a bribe offenses, does not render an indictment which charges in a single count that defendant unlawfully offered and gave a bribe, bad for duplicity, as a conviction may be had on proof of either of the charges.

On demurrer to indictment.

Indictment of Charles Smith, Charles Jackson, Edward Butler, and Morris Isaacs, for violating election laws.   Defendants demur to the indictment.

*Howe & Hummel,* for demurrants.   *John R. Fellows,* Dist. Atty., for the People.

COWING, J.   On March 25, 1889, the grand jury of this county filed an indictment in this court against the above-named defendants, charging them with violating the election laws of this state.   The law charged in the indictment to have been violated by the defendants is a portion of section 1904, c. 410, of the Laws of 1882, which reads as follows, viz.: "If at any election hereafter held in the city and county of New York any person shall, by bribery, or reward, or offer, or promise thereof, or otherwise unlawfully, either directly or indirectly, influence or attempt to influence any elector in giving his vote shall, upon conviction thereof, be adjudged guilty of a felony."   This section 1904 is made up of many other prohibitory clauses besides the one quoted, but the indictment is wholly predicated upon the one referred to.   On the arraignment of the defendants to plead to the indictment they interposed a demurrer, in and by which they claim: *First,* that the indictment does not state facts sufficient to constitute a crime; and, *second,* that the indictment is bad for duplicity, in that it charges two separate and distinct crimes in a single count.

After a careful examination of the indictment and the law, I have come to the conclusion that both grounds of demurrer are untenable for the following reasons:   So far as the first ground of demurrer is concerned, it appears upon inspection of the indictment that it not only follows the statutory words creating and defining the offense, but it also contains sufficient averments of time, place, manner, and occasion of the committing the alleged crime as will not only enable the defendants to ascertain what they are to defend themselves against, but sufficiently identifies the alleged crime, so as to enable the defendants to plead the same in bar to a second prosecution, and ordinarily this is sufficient to constitute a good indictment.   The ordinary rule is that a charge in an indictment predicated upon a statute may be made in the very words of the statute, when by using those words the act in which an offense consists is fully, directly, and expressly alleged, without any uncertainty or ambiguity.   Upon an inspection of this indictment, and comparing it with the statute upon which it is framed, it will be seen that the pleader has not only followed this ordinary rule, but has also expanded the words of the statute so as to give the manner and occasion of the committing the alleged crime; therefore the indictment, in my judgment, contains sufficient allegation of facts to constitute a crime.

As to the second ground of demurrer, namely, that the indictment is bad for duplicity in charging two separate and distinct crimes in a single count, it is perfectly evident upon an inspection of the indictment that the pleader intended to charge but one crime, to-wit, that of bribery of an elector to influ-

ence him in giving his vote at a general election held in this county. The first and only count in the indictment, among other things, charges that the defendants feloniously and unlawfully offered and gave a bribe, and, inasmuch as the statute makes not only the actual giving a bribe an offense, but also makes it an offense to offer one, the defendants contend that the count charges two distinct offenses, and is therefore bad for duplicity. In this contention, in my judgment, the defendants are in error, for the law is well settled in this state, as well as in some, at least, of the other states, that where an offense may be committed by doing any one of several things the indictment may in a single count group them all together, and charge the defendant to have committed them all, and a conviction may be had on proof of the committing of any one. See *Bork* v. *People*, 91 N. Y. 13; *People* v. *Davis*, 56 N. Y. 95. Bishop, in his work upon Statutory Crimes, at section 383, lays down the following rule to be observed in drawing an indictment upon a statute: "If an indictment is to be drawn on a statute, in alternative clauses, the pleader, as a general rule, * * * may elect to charge no more than constitutes an offense within one clause, or he may proceed upon two clauses, or three, or all, as he deems best, and all in a single count, employing the conjunctive 'and' where the statute uses the disjunctive 'or.' But though the conviction may be for the whole, it is all, when proceeded against in this way, regarded as only one offense, subjecting the offender to no more than one penalty." Under a Massachusetts statute, where the words were, "whoever sells or offers for sale adulterated milk is guilty," etc., an indictment was sustained which alleged that the defendant not only unlawfully offered for sale, but also sold, adulterated milk in one and the same count. See *Com.* v. *Smith*, 103 Mass. 444. It follows in this case, in the light of the foregoing decision, that the pleader, intending to charge only a single crime against the defendants, has the legal right to charge the same as he has done in this indictment. Judgment is therefore ordered for the people on the demurrer, with leave to the defendants to answer over.