(86 App. Div. 531.)

### PEOPLE v. CORBALIS et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. CRIMINAL LAW—INDICTMENT—STATEMENT OF CRIME.
      An indictment sufficiently states the crime charged where the charge is made in the words of the statute on which the prosecution is based.

2. POOL SELLING—INDICTMENT—STATEMENT OF ACTS DONE.
      Const. art. 1, § 9, declares that no pool selling, bookmaking, or other gambling shall be authorized or allowed, and Pen. Code, § 351, provides the punishment for pool selling. Held, that an indictment that charges that defendants did feloniously "engage in pool selling, and selling pools" on the result of a contest of speed of horses, states sufficient facts to constitute the crime.

3. INDICTMENT—INDEFINITENESS.
      Where an accused believes that he is insufficiently advised by the indictment as to the particular facts that will be proven to make out a case against him, his remedy is not by demurrer to the indictment, but by demand for a bill of particulars.

4. SAME—DUPLICITY—CONJUNCTIVE STATEMENT.
      An indictment charging that defendants "did engage, aid, assist and abet in pool selling and selling pools," is not invalid for duplicity, notwithstanding that the statute on which the prosecution is based is expressed in disjunctives.

Appeal from Westchester County Court.

Thomas F. Corbalis and others were prosecuted for selling pools, and from an order allowing a demurrer to the indictment, and directing that the charge be resubmitted to the grand jury, the people appeal. Reversed.

¶ 1. See Indictment and Information, vol. 27, Cent. Dig. § 292.

The indictment, to which demurrer was filed, was as follows:

"The Grand Jury of the County of Westchester by this indictment accuse Thomas F. Corbalis, John H. Hanratty, Michael Devanney, Thomas Kelly, Sylvester Smith and John Burnes of the crime of feloniously, outside of any trotting course, race course, authorized by or entitled to the benefits of chapter 570, p. 370, of the Laws of the State of New York for the year 1895, entitled 'An Act for the incorporation of Associations for the improvement of the breed of horses and regulate the same and to establish a State Racing Commission' as amended by chapter 446, p. 583, of the Laws of the State of New York for the year 1897, engaging, assisting, aiding and abetting in pool selling, and selling pools upon the result of a trial of and contests of, speed and power of endurance of beasts, committed as follows:

"That Thomas F. Corbalis, John H. Hanratty, Michael Devanney, Thomas Kelly, Sylvester Smith and John Burnes, late of the City of Yonkers, in the County of Westchester, and State of New York, with force and arms at the. City of Yonkers aforesaid, on the nineteenth day of January in the year nineteen hundred and three, did feloniously outside of a trotting course, race course authorized by and entitled to the benefits of chapter 570, p. 370, of the Laws of the State of New York, for the year 1895, entitled 'An Act for the incorporation of Associations for the improvement of the breed of horses, and to regulate the same, and to establish a State Racing Commission,' as amended by chapter 446, p. 583, of the Laws of the State of New York, for the year 1897, engage, aid, assist and abet in pool selling and selling pools upon the result of a trial and contest of speed and power of endurance of' beasts, to wit: horses, on the nineteenth day of January in the year nineteen hundred and three, taking place, being conducted and had at Oakland in the State of California and New Orleans in the State of Louisiana, the said Thomas F. Corbalis, John H. Hanratty, Michael Devanney, Thomas Kelly, Sylvester Smith and John Burnes, not being subject to the penalty provided in and by section 18 of chapter 570, p. 370, of the Laws of the State of New York for the year 1895 as amended by chapter 446 of the Laws of the State of New York for the year 1897, and no other penalty being provided by law to punish the aforesaid felonious acts of the said Thomas F. Corbalis, John H. Hanratty, Michael Devanney, Thomas Kelly, Sylvester Smith and John Burnes, than the imprisonment in State prison and fine provided and prescribed in and by section 351 of the Penal Code of the State of New York, contrary to the form of the Statute in such case made and provided."

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

J. Addison Young, Dist. Atty., for the People.
David H. Hunt, for respondent Smith.
Robert M. Moore, for other respondents.

HOOKER, J.  The demurrants seek to sustain the judgment appealed from, upon the ground that the indictment in question does not comply with the rule that it must first state the crime, and, second, the acts constituting the crime.  Upon this question is cited the case of the People v. Dumar, 106 N. Y. 502, 13 N. E. 325; and the doctrine is reiterated in People v. Klipfel, 160 N. Y. 371, 54 N. E. 788;  People v. Peckens, 153 N. Y. 576, 47 N. E. 883;  People v. Helmer, 154 N. Y. 596, 600, 49 N. E. 249;  People v. Willis, 158 N. Y. 392, 396, 53 N. E. 29.   The indictment in its first paragraph clearly charges the crime, for it makes the charge in the words of the statute,. and this has many times been held sufficient.   Phelps v. People, 72 N. Y. 334;  People v. West, 106 N. Y. 293, 12 N. E. 610, 60 Am. Rep.

452; People v. Herlihy, 66 App. Div. 534, 73 N. Y. Supp. 236, affirmed on opinion below, 170 N. Y. 584, 63 N. E. 1120.

The question, then, comes to the acts constituting the crime, and reference to the second paragraph of the indictment shows that it is alleged that the defendants on a given day "did feloniously outside the race course authorized by law, engage * * * in pool selling and selling pools upon the result of a trial and contest of speed and power of endurance of horses" on the day named. This, we think, is a sufficient statement of the acts constituting the crime. In the Herlihy Case, supra, a demurrer was interposed to the indictment, which charged the plaintiff with failure to suppress houses of ill fame, on the ground that the statement of facts constituting crime was not sufficient. The Appellate Division, First Department, said the meaning of the words "houses of ill fame" is well understood, and these words of themselves, irrespective of other description, are sufficient in an indictment charging an officer with omission of duty in respect thereto; where a statute defines a crime, it is sufficient in respect thereto. The opinion further states:

"While I am of the opinion that the words 'houses of ill fame' would have been sufficient without any further description, it certainly does not take from the sufficiency of the statement of the acts constituting the crime to add thereto a statement of acts which constitute the houses of the character described."

The indictment was upheld, and the judgment affirmed in the Court of Appeals upon the opinion of Mr. Justice McLaughlin. The Century Dictionary defines the term "engage" as "to take part, as to engage in conversation." The term "pool selling and selling pools" can have no equivocal meaning, and has such a place in the language as to define the act with as great clearness as is true of houses of ill fame. The word is not only used in the statute, but is employed in the ninth section of article 1 of the Constitution, where it is provided "that no pool selling, bookmaking or other kind of gambling shall be authorized or allowed." It is clear, therefore, that sufficient facts are stated to constitute the crime. A statement of more than this indictment contains would lead to the pleading of evidence; that this is unnecessary has long been established both in criminal and civil procedure.

The respondents contend, as well, that the indictment is not sufficient to enable them properly to prepare for trial, and suggest that, if this indictment was not challenged by way of a demurrer, many sets of facts might be put in evidence by the prosecution; such as that the defendants contributed the capital for the enterprise; that defendants formed a corporation for the purpose; that they employed agents through whom they committed the act; that defendants or one of them kept watch to prevent those actually engaged from being apprehended; that the defendants gave money to another to carry on the enterprise; and that they acted as solicitors for the principals. It must be considered as now settled that, if these defendants believe that they are insufficiently advised as to the particular facts that will be proven to make out against them a case under the statute, their remedy is by a bill of particulars. Judge Cullen, speaking for the

Court of Appeals in the recent case of People v. Stedeker, 175 N. Y. 61, 67 N. E. 132, says that it is unnecessary that an indictment specify the particular house or building in New York City in which the defendants were charged with keeping and occupying a room for the purposes forbidden by section 351 of the Penal Code, and uses this language:

"If there were any question as to the particular place where it is charged that the offense had been committed by which the appellants could be in any way misled or prejudiced in their defense, the remedy was by motion for a bill of particulars," citing Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337.

Wharton's Criminal Pleadings and Procedure, § 702, announces a similar doctrine:

"Wherever the indictment is so general as to give the defendant inadequate notice of the charge he is expected to meet, the court, on his application, will require the prosecution to furnish him with a bill of particulars of the specific charge to be pressed or the evidence intended to be relied on."

The claim that the indictment is invalid for duplicity cannot be sustained. Where an offense may be committed by doing one or more of several things, the indictment may in a single count allege them together, and conviction may be had on proof of commission of any one of the things, without proof of the commission of the others. Bork v. The People, 91 N. Y. 5; People v. Harris, 123 N. Y. 70, 25 N. E. 317. Here the indictment charges that the defendants did "engage, aid, assist and abet in pool selling and selling pools." In the Herlihy Case, supra, it was charged that defendant, between the 22d day of September and the 18th day of November, 1900, allowed 109 houses of prostitution to flourish, and yet it was held that the indictment charged one offense. This court has recently had occasion to pass upon a similar question in People v. Kane, 43 App. Div. 472, 61 N. Y. Supp. 195, 632. The court said, by Mr. Justice Jenks in the court below:

"The fact that the statute is expressed in disjunctives, while the indictment employs conjunctives—violating 'and' evading 'and' committing a fraud—is not fatal. Aside from the grave question whether a statutory misdemeanor can be charged in the disjunctive, it is clear that a charge in the form followed is well made. The pleader may allege all breaches in a single count, employing 'and' where the statute reads 'or,' and there is no duplicity, and the crime will be established upon proof of any one of the infractions. 1 Bish. New Cr. Proc. §§ 434, 586; Whart. Cr. Pl. & Pr. § 228; Bork v. People, 91 N. Y. 5; People v. Davis, 56 N. Y. 95; People v. Wicks, 11 App. Div. 539 [42 N. Y. Supp. 630]; People v. Smith (Gen. Sess.) 5 N. Y. Supp. 22."

It follows, therefore, that the indictment is good, and that the judgment appealed from should be reversed. All concur.