THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS W. DURKIN et al., Defendants.

Supreme Court, Special Term, New York County, February 27, 1948.

*Godfrey & Marx* for defendants.

*Nathaniel L. Goldstein, Attorney-General (John W. M. Rutenberg* of counsel), for plaintiff.

PECORA, J. In an action brought by the Attorney-General, pursuant to article 23-A of the General Business Law, a final judgment was entered on May 20, 1944, enjoining the defendant from engaging in the securities business in any manner. The motion now made by defendant Durkin, to dissolve and vacate the final injunction so as to permit said defendant again to engage in the sale and distribution of securities in the State of New York, is denied. Movant seeks the relief on the ground that his exemplary conduct since the entry of such injunction warrants its dissolution. The Attorney-General opposes the application. In *People* v. *Riley* (188 Misc. 969) it was held that notwithstanding section 528 of the Civil Practice Act, which limits the time for a motion to set aside a judgment to two years after filing of the judgment roll, a court of equity had power to vacate an injunction when its continuance is no longer warranted. However, in *People* v. *Small* (261 App. Div. 803) the court reversed a decision of Special Term (*sub nom. People* v. *Ames & Co.*, N. Y. L. J., Aug. 24, 1940, p. 437, col. 5) which said that " the court is not necessarily constrained by the provisions of section 528 of the Civil Practice Act ". Lack of power to vacate was held in *People* v. *Chapman* (N. Y. L. J., Oct. 22, 1943, p. 1041, col. 2, VALENTE, J.). There must be finality in judgments, and section 528 of the Civil Practice Act is calculated to insure that fact. Consequently, I must regretfully disagree with the learned court's ruling in *People* v. *Riley* (*supra*) and hold that an application made more than two years after the entry of the judgment, to set aside such judgment, for error of fact not arising upon the trial, cannot be heard by this court.

Finally, if power did exist, this case would not warrant its exercise. The judgment here was entered upon the consent of the defendant. Any claim of exemplary conduct must necessarily be fallacious since defendant has, during the period, not engaged in any activity in the securities business by virtue of the injunction. Defendant had no choice to make. Therefore, this court cannot say what defendant's conduct may have been had he been permitted to engage in the business to which he now seeks permission to return. Conduct in other spheres of life may be beyond question. In fact, defendant's conduct before the injunction was granted may have been exemplary except for

his activities which necessitated injunctive relief. In consenting to the injunction, defendant realized its permanent nature. The restrictions upon his activities are necessitated by the more comprehensive dictates of sound public policy. The People should not have to be called upon, at intervals, to justify continuance of injunctions. Once having proven their right to enjoin certain activities, that adjudication should have the permanency that was intended. Settle order.