Cox, J.
The defendant Hoge moves to vacate a judgment of permanent injunction which had been granted and entered against him by this court on May 14, 1937. The judgment had been entered pursuant to the Martin Act (General Business Law, art. 23-A). The sole reason now urged by movant to vacate this eighteen-year-old judgment is as follows: “ That the purpose of the relief requested at this time of vacating the original judgment as to himself, is being brought on because there is a probability resulting from recent negotiations of *184 deponent entering the Securities business, and he desires .that no bar exist to the possibility of receiving permission from the State of New York to enter the Securities business because of this previous judgment. Deponent believes that if the Judgment is vacated, he can state that he has not been restrained from the sale of securities in the State of New York.” After oral argument upon this application and a study of the affidavits and memorandum of law submitted, I am not persuaded that the grounds urged by petitioner are sufficient justification for the exercise of the court’s discretion in petitioner’s favor. Moreover, section 528 of the Civil Practice Act is a bar to this application as it limits the time to two years within which such application may be made. The application is accordingly denied (People v. Durkin, 191 Misc. 341, and cases therein cited; People v. Acheson, 80 N. Y. S. 2d 899; People v. Palter, N. Y. L. J., Dec. 14, 1951, p. 1650, col. 5).