THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRED J. RUOCCO and HIRAM O. HANCE, Individually and as Copartners Doing Business under the Name of F. J. RUOCCO & CO., Defendants.

Supreme Court, Special Term, Kings County, July 20, 1955.

*Jacob K. Javits, Attorney-General (Philip Kahaner* of counsel), for plaintiff.

*Joseph P. Marcelle* for defendants.

OLLIFFE, J. This is a motion to vacate a permanent injunction entered pursuant to article 23-A of the General Business Law of the State of New York.

An action was instituted by the service of a summons and complaint praying for a judgment permanently enjoining the defendants from selling securities unless they complied with certain conditions. Thereafter the defendants consented, by stipulation, to the granting of a judgment of permanent injunction which was duly entered in this court on the 25th day of July, 1932.

The injunction granted in this proceeding was one of the first obtained by Attorney-General Hamilton Ward under legislation enacted in the year 1932, which legislation resulted from a wave of fraudulent sales of securities. Judgment was entered in the action under the administration of Attorney-General John J. Bennett. The act was strictly enforced during the régime of Attorney-General Nathaniel L. Goldstein. The opposition offered by Attorney-General Jacob K. Javits to the petitioner's application in this instance leads the court to believe that the strict enforcement of the act will be continued.

More than one half of the stocks, bonds and other securities transactions in the United States take place within the State

of New York. This court feels that nothing should be done to decrease the safety afforded investors.

The Securities and Exchange Commission of the Federal Government has this week issued rules tightening the regulations on the sale of securities. This would be a most inappropriate time to diminish the safeguards.

The grounds urged by the petitioner are insufficient to warrant the court in granting the relief sought. Section 528 of the Civil Practice Act is a bar to this application as it limits the time to two years within which an application to modify a judgment may be made. The cases cited by the defendant which hold that section 528 of the Civil Practice Act only applies after trials also apply to judgments entered upon stipulation and consent of the defendants. When the courts have said that the section only applies after a trial, they meant that it did not apply to judgments obtained on default because in those cases defendants, who were not served with a summons and complaint, did not know of the existence of the judgment until many years after the judgment was entered. (*People* v. *Durkin,* 191 Misc. 341; *People* v. *Television Corp. of Amer.,* 1 Misc 2d 183.)

The record discloses in the original proceeding an opinion by Mr. Justice DUNNE, dated April, 1930 (137 Misc. 400, 402), wherein he wrote: " Further, the court is impressed by the abundance of letters annexed to the papers which have been sworn to by the purchasers of the stock. Such letters are to the effect that the customers were dealt with fairly by the defendants. The relief sought by the Attorney-General is drastic and extensive. The granting of the application will effect a possible prohibition of continuance by defendants in the brokerage business.'' While ordinarily it may be true that a court of equity retains jurisdiction in these proceedings and may, from time to time, modify or vacate orders and judgments, this is not so where there is a statutory bar prohibiting the court from retaining such jurisdiction. Section 528 of the Civil Practice Act is such a bar.

If the statute is too harsh the appeal must be addressed to the Legislature rather than to the courts. The Legislature may, if it sees fit, amend the statute so as to provide for modification of an injunction upon proof of good conduct for a specified period of time. (Cf. Domestic Relations Law, § 8, providing for the modification of the prohibition against the remarriage of the defendant in a divorce action upon satisfactory proof that three years have elapsed and that the conduct of the defendant has been uniformly good.)

The motion is denied. Submit order.