Henry Clay Greenberg, J.
This is a motion by the defendant to vacate a judgment of permanent injunction entered upon his consent in 1954 pursuant to a Martin Act proceeding (General Business Law, art. 23-A). Defendant predicates his motion for the vacatur upon the grounds that the judgment resulted by reason of mutual mistake of himself and the Attorney-General regarding his status as a “ dealer ’’ and that in any event substantial justice and equity dictate that the judgment be vacated in light of defendant’s good record before and exemplary conduct since the injunction was granted.
I am not persuaded with the arguments of defendant. By consenting to the judgment of permanent injunction, he waived his right to try any issues which he might have raised if he chose to answer the charges and complaint against him. It has consistently been held that judgments of permanent injunction granted on consent would not be vacated (Enterprise Window Cleaning Co. v. Slowuta, 299 N. Y. 286; United States v. Swift & Co., 286 U. S. 106; Waterman Corp. v. Johnston, 276 App. Div. 1062; People v. McKnight, 284 App. Div. 892). Moreover, the enforcement of the Martin Act does not contemplate modification of the judgment thereunder. The Martin Act is not directed to the punishment of offenders but rather to the protection of the public. Thus the Court of Appeals in People v. Federated Radio Corp. (244 N. Y. 33) held that the Martin Act should be liberally construed in order to attain the principal objective of the statute, the protection of the public. Defendant’s contention that his conduct now calls for equitable consideration *984 is unfortunately for him without merit. The circumstances upon which a Martin Act injunction is based (the commission of fraudulent practices) do not change with time. Subsequent good conduct by one enjoined is an insufficient reason for vacatur of such an injunction. In People v. Durkin (191 Misc. 341, 342), the following is stated which is pointedly applicable here: “ In fact, defendant’s conduct before the injunction was granted may have been exemplary except for his activities which necessitated injunctive relief. In consenting to the injunction, defendant realized its permanent nature. The restrictions upon his activities are necessitated by the more comprehensive dictates of sound public policy. The People should not have to be called upon, at intervals, to justify continuance of injunctions. Once having proven their right to enjoin certain activities, that adjudication should have the permanency that was intended.” See, also, People v. Acheson (80 N. Y. S. 2d 899) where the problem is discussed and recommended to the Legislature, rather than the courts, if it is contended that permanent exclusion is too drastic a remedy. It is stated that the Legislature may, if it see fit, amend the statute so as to provide for modification of the injunction upon proof of good conduct for a specified period of time.
For the foregoing reasons, the motion must be denied.