Paul J. Widlitz, J.
The defendant allegedly made a series of false and fraudulent representations to the United Medical Service, Inc., to the effect that he had rendered certain medical services to a number of patients on various dates. These several representations resulted in the delivery of nine checks, each one amounting to less than $100, but totalling in all $612. The indictment, comprising 19 counts, charges defendant with the crime of grand larceny in the first degree in the amount of $612 and in the subsequent 18 counts each check is the subject of a petit larceny count as well as a violation of section 1202 of the Penal Law, i.e., presenting false proofs of loss in support of a claim upon a policy of insurance.
Defendant demurs to the sufficiency of the indictment, insisting that the first count of grand larceny in the first degree alleges a number of separate larcenies rather than a series of takings or acts of theft constituting a single larceny. Those counts of the indictment charging violation of section 1202 of the Penal Law, i.e., presenting false proofs of loss, are challenged as insufficient in form and violative of sections 275 and 276 of the Code of Criminal Procedure. The indictment is further assailed on the ground that sufficient averment is lacking to confer jurisdiction upon this court.
*914 The first count of the indictment reads as follows:
“ The grand jury of the county of Nassau, by this indictment, accuse the defendant of the crime of grand larceny in the first degree, committed as follows:
“ The defendant, albert o. rossi, partly in the County of Nassau and partly in the County of New York, between, on or about May 1, 1956 and on or about December 31, 1956, stole, took and carried from the possession of United Medical Service Incorporated certain property, owned by it, having an aggregate value of $612., to wit: nine checks, seven of which were in the respective amounts of $72. each, one in the amount of $60. and one in the amount of $48., with the intent to deprive the owner of said property, and of the use and benefit thereof and to appropriate the same to the use of said defendant.
“ Said defendant made use of certain false and fraudulent representations and pretenses to said United Medical Service Incorporated, through its agents and employees in the course of accomplishing and in aid of and in facilitating said theft, namely:
“ That between, on or about May 1, 1956 and on or about December 31, 1956, he, the said defendant had rendered medical services to Mariella F. Bauer, Catherine M. Braun, Agnes Gregorovic, Joan Gangale, David Horn, Lilyan Johnson, Florence V. Otters, Frank C. Petry and John K. Snow at the office of said defendant at 2035 Lakeville Road, New Hyde Park, Nassau County, New York; That on or about September 2, 5, 8,12 and 16,1956 respectively he, the said defendant had administered needling of the bursa on five occasions to said Marietta F. Bauer; That on or about August 14, 17, 21, 24 and 26, 1956 respectively he, the said defendant had administered needling of the bursa to said Catherine M. Braun; That on or about May 18, 22, 30 and June 4,1956 respectively he, the said defendant had administered needling of the bursa to said Agnes Gregorovic; That on or about June 12, 15, 18, 22, 25 and 29, 1956 respectively he, the said defendant had administered needling of the bursa to said Joan Gangale; That on or about June 4, 7, 14, 21, 28 and July 5, 1956 respectively he, the said defendant had administered needling of the bursa to said David Horn; That on or about November 1, 5, 8, 12 and 15, 1956 respectively he, the said defendant had administered needling of the bursa to said Lilyan Johnson; That on or about August 3 and 10, 1956 respectively he, the said defendant had administered needling of the bursa to said Florence Y. Otters; That on or about October 6, 9, 13, 16, 20 and 23, 1956 respectively he, the said defendant had administered needling of the bursa to *915 said Frank C. Petry; That on or about May 7,11,16,19 and 23, 1956 respectively he, the said defendant had administered needling of the bursa to said John K. Snow.
“ Said United Medical Service Incorporated, its agents and employees believed said representations and pretenses were true and were induced thereby to deliver said property to said defendant.
‘ ‘ In truth and in fact, said representations were fraudulent and false and were known by said defendant to be fraudulent and false at the time they were made.
“ In fact at no time herein mentioned nor at any other time did defendant administer needling of the bursa to Mariella F. Bauer, Catherine M. Braun, Agnes Gregorovic, Joan Gangale, David Horn, Lilyan Johnson, Florence V. Otters, Frank C. Petry and John K. Snow.”
The rule of law pertaining to the treatment of several acts as a single larceny, established in People v. Cox (286 N. Y. 137) is stated at page 142 as follows: “ ‘ Where the property is stolen from the same owner and from the same place by a series of acts, if each taldng is the result of a separate, independent impulse, each is a separate crime; but if the successive takings are all pursuant to a single, sustained, criminal impulse and in execution of a general fraudulent scheme, they together constitute a single larceny, regardless of the time which may elapse between each act.’ (36 Corpus Juris, p. 798.) ” (People v. Daghita, 276 App. Div. 20; 136 A. L. R., 943, 948.)
This maxim is also stated in Wharton’s Criminal Law (12th ed., Vol. 2, § 1171) as follows, at pages 1489, 1491: “if the transaction is set in motion by a single impulse, and operated upon by a single and unintermittent force, it forms a continuous act, and hence must be treated as one larceny * * * no matter how long a time the act may occupy. * * * But if broken up by extrinsic action, as it is stated, then separate indictments are necessary.” (Emphasis supplied.)
In the usual theft case involving more than one taking, the principle of law propounded in People v. Cox (supra) is not difficult in its application. We have one larceny involving several acts of asportation in pursuance of a continuing, unbroken, larcenous intent. The proof of takings, together with the requisite felonious intent, is sufficient to establish the crime. In establishing larceny by false pretense, however, an essential element is the reliance by the intended victim on the false representations and the consequent act based thereon.
Each check passed by the victim to the defendant is the product of a separate and distinct misrepresentation by the *916 defendant and the subsequent reliance thereon by the victim. The first transaction having been launched by the submission of the false representation is completed by the passing of the first check by the victim. A second transaction could iioav be initiated by the second misrepresentation and the requisite acting in reliance thereon could likewise result in the passing of a second check.
In People v. Gutterson (244 N. Y. 243) the defendant was found guilty of grand larceny in the first degree, the evidence establishing that the defendant induced the complaining witness to deliver to him at various times between December, 1924 and May, 1925 sums of money and securities of the value of upAvards of $60,000. The first count charged the defendant with larceny by false pretense and the second with common-law larceny of the same property. A demurrer having been disallowed, the case proceeded to trial and on appeal, the court in reviewing the case stated as follows, at page 246: “ The evidence produced at the trial shows that defendant started in December, 1924, to defraud the complaining witness of as much property as he could induce her to deliver to him. Representations made in December resulted in delivery of some securities. When these representations no longer had force to induce delivery to the defendant of further securities, the defendant by repetition and renewed solicitation gave to these representations neto force, Avhich resulted in the delivery of further securities.” (Emphasis supplied.)
By the manner of its factual recitation it is evident that the court was aware of the problems that might be involved in applying the “ Cox ” doctrine to a set of facts involving larceny by false pretense as distinguished from common-law larceny. This awareness becomes more evident when further in its opinion the court stated: “ Such allegation does not require inference that the securities were delivered at separate times or as the result of separate orders or directions of the complaining Avitness. It does not require inference that fraudulent representations made at one time did not of themselves and without renewal or addition induce delivery of all the securities. The allegation of the time when the crime was committed is indefinite ; yet that allegation might be sustained Avithout variance by evidence which would show only a single crime. The demurrer was, therefore, properly disallowed. (People v. Williams, 243 N. Y. 162.) Different question would arise if proper objection had been made at the trial that the evidence showed that the possession of the securities was obtained by the defendant at different times and could not represent the *917 consummation of a single crime, and if proper exception had been taken to the charge of the trial justice. It may be that the evidence shows guilt of a number of separate but closely related crimes instead of one crime as pleaded ” (p. 247).
Normally, the questions of whether a series of takings constitute a single larceny or a number of separate larcenies, and whether a series of acts constitute takings, each the result of a separate, independent impulse, as distinguished from successive takings pursuant to a single, sustained criminal impulse and in execution of a general fraudulent scheme, are issues of fact for the jury to determine after proper charge, and in the usual case the determination of such question would be left for the jury (People v. Daghita, supra). A reading of the petit larceny counts subsequent to this first count of the indictment treats the delivery of each separate check as a misdemeanor alleging distinct and different dates when the defendant allegedly made the misrepresentation and effectuated the passing of moneys. In these subsequent petit larceny counts, the People contend that representations were made by the defendant to the United Medical Service, Inc., on separate occasions, which representations pertained to the rendering of medical service to sundry individuals, that in reliance upon such representations the United Medical Service, Inc., passed certain moneys in the form of a check. Each count requires a separate reliance by the victim upon each misrepresentation. These alleged crimes might be perpetrated in pursuance of an over-all scheme to defraud so as to permit the setting forth of separate counts in the one indictment (Code Crim. Pro., § 279) but, at best, we have here a series of closely related thefts, each dependent upon separate and distinct action by the victim.
Accordingly, the demurrer is sustained as to the first count.
With respect to counts 3, 5, 7, 9, 11, 13, 15, 17 and 19 it is argued that the facts averred charging defendant with violation of section 1202 of the Penal Law are insufficient to charge the crime in question. Said counts clearly charge the crime of presenting false proofs of loss in the words of the statute which have been held to be sufficient and if the defendant believes that he has been insufficiently advised as to particular facts which will be put forth in the proof of the case against him, his remedy is by bill of particulars (People v. Farson, 244 N. Y. 413; People v. Corbalis, 86 App. Div. 531; Code Crim. Pro., §§ 275, 284).
The purpose of an indictment is to identify the charge against a defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense, and also to notify him *918 of the nature- and character of the crime charged against him to the end that he may prepare a defense (People v. Williams, 243 N. Y. 162).
In all other respects, the demurrer to the indictment is denied. Submit order.