■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALBERT O. ROSSI, Respondent.— Appeal from so much of a judgment of the County Court, Nassau County, as allowed a demurrer to the first count of an indictment, which count charged respondent with grand larceny in the first degree. Judgment insofar as appealed from reversed, demurrer to the first count disallowed, and matter remitted to the County Court for the purpose of fixing the time for respondent to plead to the first count of the indictment. The first count is sufficient to charge that the claims made by respondent as to alleged medical treatments were incidents of a single scheme within the single intent of respondent to defraud (*People* v. *Cox*, 286 N. Y. 137; *People* v. *Daghita*, 276 App. Div. 20). Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ, concur. [9 Misc 2d 913.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GEORGE F. SCANLON, Individually and Doing Business under the Name of SLOAT AND SCANLON, Respondent.— Appeal from an order granting respondent's motion to dissolve and vacate a judgment enjoining and restraining him from the issuance, offering for sale, sale, promotion, negotiation, advertisement and distribution of securities within and from the State of New York, and from any act in aid or furtherance of the same, except as a salesman employed by a reputable dealer or broker who is registered and qualified to act as such in the State of New York and with the Securities and Exchange Commission of the United States. The judgment was entered in 1939, on respondent's consent, in an action pursuant to article 23-A of the General Business Law (commonly referred to as the Martin Act). The application to dissolve and vacate was made in 1958. The record indicates that in other fields of endeavor in which respondent has engaged since the issuance of the injunction his conduct has in all respects been meritorious and exemplary and discloses that the existence of the injunction has been and is working some hardship on him and his family. Order reversed, without costs, and motion denied. In our opinion the Special Term was without power to vacate a permanent injunction issued pursuant to the provisions of article 23-A of the General Business Law after two years have expired since the entry of such judgment (*People* v. *Small*, 261 App. Div. 803; *People* v. *Acheson*, 80 N. Y. S. 2d 899; *People* v. *Television Corp. of Amer.*, 1 Misc 2d 183; see Civ. Prac. Act, § 528). The statute contemplates no such vacatur because of subsequent good conduct (*People* v. *Haynes*, 2 Misc 2d 983), and the provisions of section 528 of the Civil Practice Act are designed to insure finality of judgments (*People* v. *Durkin*, 191 Misc. 341). The appeal for relief should be addressed to the Legislature rather than to the courts (see *People* v. *Haynes, supra*). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur. [15 Misc 56.]