THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM H. KALBFELD, Defendant.

County Court, Fulton County, December 27, 1924.

Crimes — arson, second degree — indictment — demurrer — count of indictment charging merely burning of uninhabited building belonging to defendant is not sufficient — count charging burning of building that stood in close proximity to inhabited building is sufficient under Penal Law, § 222, subd. 3 — count charging burning of insured building with intent to defraud insurer is sufficient under Penal Law, § 222, subd. 5, without alleging name of insurer.

A count in an indictment for arson in the second degree is insufficient which charges merely that the defendant burned a building belonging to him in which there was no human being at the time.

A count in the indictment which charges the defendant with setting fire to a building with intent to burn it, which building adjoined and stood in close proximity to an inhabited building in which there was a human being at the time is sufficient under subdivision 3 of section 222 of the Penal Law. The question whether or not the burned building was in close proximity to another building which was inhabited is a question to be determined on the trial and cannot be considered on a demurrer.

A count in the indictment which charges the defendant with setting fire to a building with intent to burn the same, which building was insured against loss and damage by fire, with unlawful and fraudulent intent to defraud the insurer is sufficient under subdivision 5, section 222 of the Penal Law, without alleging the name of the insurer.

DEMURRER to indictment charging arson in the second degree.

*J. Wm. Titcomb*, for the People.

*Horton D. Wright*, for the defendant.

HARDIES, J. (Acting Judge):

Defendant demurs to the indictment charging him with the crime of arson in the second degree. The indictment contains three counts. He is charged with burning a shop and factory building owned by him. The first count charges him with willfully, maliciously and unlawfully setting fire to the building with intent to burn it, " which aforesaid building did adjoin and in close proximity to an inhabited building," and then names a dwelling house, and alleges, " in which dwelling house there was then and there a human being." The second ·count charges that he set fire to the building " feloniously, maliciously, wilfully and fraudulently with intent to burn the same, \* \* \* which was then and there insured against loss and damage by fire with unlawful and fraudulent intent to prejudice and defraud the insurer thereof." The third count charges him with feloniously, willfully and maliciously burning the said buildings and alleges that he is the owner thereof, and that there was no human being therein.

It seems that it is no crime to burn and destroy one's own property if it is not occupied by, or there is no human being in it, or no human being or property of others is endangered, or there is no intent to defraud. In *People v. Smith* (3 How. Pr. 226) the defendant was charged with burning a barn on premises which he had taken on shares with a right to secure his crops in the barn. The court in its opinion said: " It is decided by this court, in *People v. Gates* (15 Wend. 159), that the 4th section of article 1, title 2, of chapter 1, of the 4th part of R. S. (2 R. S. 667), which makes it a felony, wilfully to set fire to and burn a barn, must be understood in connection with other sections in the same article, and the common law, and therefore to apply only to the wilful burning of the barn of another — such is conceded to be the law. If, then, the prisoner was, at the time of the burning, in possession of the barn, in legal cortemplation he should have been acquitted, because the proof did not support the indictment, unless Barringer can be treated as the owner and possessor of the barn. It becomes necessary, therefore, to ascertain what estate the prisoner had in the barn." Since the third count is based solely on the allegation that the defendant is the owner of the building which he burned, it follows that the demurrer to that count must be sustained.

Count " one " of the indictment fully and sufficiently alleges the necessary facts setting forth the crime charged under subdivision 3 of section 222 of the Penal Law. Defendant argues that the dwelling house is not in close proximity to, and does not adjoin, the building burned. The court on the hearing of this demurrer cannot go into the evidence. If defendant's contention

is correct, he may establish that fact on the trial of the indictment. For the purpose of deciding the question now before the court, the allegations in the indictment must be accepted as true, and the court cannot question the truth of the statement that the buildings burned adjoined and were in close proximity to the dwelling house.

Defendant asks that the second count be dismissed for the reason that the insurer or the person whom the defendant intended to defraud, is not named. This count is based on subdivision 5 of section 222 of the Penal Law. A person is guilty of arson in the second degree thereunder who willfully burns a building " which is at the time insured against loss or damage by fire, with intent to prejudice or defraud the insurer thereof." Intent under this subdivision is a necessary element of the crime and must be established before a conviction can be had. Subdivision 5 of section 3 of the Penal Law states: " Where an intent to defraud constitutes a part of a crime, it is not necessary to aver or prove an intent to defraud any particular person." In *People* v. *Hoyt* (145 App. Div. 695) the defendant demurred to an indictment charging him with forgery, alleging among other things that the indictment did not set forth whom he intended to defraud. The opinion states: " Where property rights may be affected, intent to defraud is a necessary element of the crime of forgery, but it is unnecessary to allege the details by which the intent to defraud is to be established. (*Paige* v. *People*, 3 Abb. Ct. App. Dec. 439; *People* v. *Stearns*, 21 Wend. 409; *Noakes* v. *People*, 25 N. Y. 381; *West* v. *State*, 22 N. J. Law, 212.) · Nor is it necessary to plead how one aided and abetted in the commission of a crime (*People* v. *Seldner*, 62 App. Div. 357), or in what manner one attempted to commit a crime (*People* v. *Bush*, 4 Hill, 133), or by what means one broke and entered in committing a burglary (*People* v. *Farrell*, 28 N. Y. St. Repr. 43). * * * The essential elements of the crime of forgery have not been changed either by the Penal Code (§ 509 *et seq.*) or the Penal Law ·(§ 880 *et seq.*). Criminal pleading has not become more complicated but is less rigorous than it formerly was, and the older decisions to which we have alluded are, therefore, applicable to the law as it now exists."

My conclusion is that the demurrer to count 3 should be sustained and to counts 1 and 2 overruled, and the defendant required to plead to the first and second counts of the indictment.

The demurrer to count 1 and count 2 is overruled and the **demurrer** to count 3 is sustained.