THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH S. FAY and JAMES BOVE, Defendants.

Supreme Court, Trial Term, New York County, February 9, 1945.

*Robert J. Fitzsimmons* for Joseph S. Fay, defendant.

*Samuel Mezansky* and *Moses Polakoff* for James Bove, defendant.

*Frank S. Hogan, District Attorney* (*Joseph A. Sarafite* and *Milton H. Spiero* of counsel), for plaintiff.

Munson, J. This is a motion by defendants for a bill of particulars. The indictment which is in the long form charges the defendants with conspiring in the county of New York and elsewhere between the month of January, 1936, and continuously at all times thereafter up to May 19, 1943, to extort specified sums of money from certain designated persons by means of threats of labor troubles, and also contains six separate counts charging extortion from the persons and corporations specifically mentioned therein. It is also charged in the indictment that all of the acts and transactions alleged in the several counts are connected together and constitute parts of a common scheme or plan. The plain meaning of these allegations is that the offense charged is a continuing one between the dates mentioned. Section 275 of the Code of Criminal Procedure requires, in addition to the title of the action, the name of the court and the names of the parties, " A plain and concise statement of the act constituting the crime, without unnecessary repetition." The time when or about when the acts occurred is essential. This indictment charges that the conspiracy commenced about the month of January, 1936, and continued up to the finding of the indictment. Such allegation of time is sufficient. In addition to the statement that the conspiracy was a continuing one between the dates mentioned, a specific date is set forth in each of the six paragraphs setting forth the overt acts in furtherance of said conspiracy, and in each of such paragraphs the names of the persons from whom the money was obtained and the place where it was obtained and the name of the individual defendant who received such sums are specifically set forth. The words " in addition to other sums of money to be demanded and obtained from other

contractors ", in paragraph 2 of count 1 certainly do not refer to any charge of extortion against these defendants, but either have reference to some proof in respect to the conspiracy count, or are mere surplusage. In respect of counts 2 to 7 inclusive, the language clearly indicates that the payments mentioned therein were not made in lump sums but in installments in the county of New York between the specific dates mentioned. A large part of the information asked for in the demand for a bill of particulars is contained in the indictment, and the other matters are purely matters of evidence which the prosecuting attorney is not required to disclose. The specific acts of extortion and the purposes of the conspiracy, together with the overt acts, are all to be read together and set forth in detail the charges which the defendants are called upon to meet. In one respect, however, the defendants are entitled to further information. In paragraph 1 of the first count of the indictment it is alleged that the defendants did willfully conspire, etc., " together and with each other and *with divers other persons* to commit a crime, to wit, the crime of extortion." The District Attorney has stated that at the present time he has the names of no other persons, but in order to prevent surprise upon the trial, if he intends to offer evidence that persons other than the defendants conspired with them to commit the crime alleged in the first count of the indictment, then, and in that event, he shall serve upon the attorneys for the defendants at least five days before the trial a statement of the names of such other persons. With the above exception the charges against the defendants and the character of the testimony likely to be produced are perfectly clear, and the defendants must anticipate in some degree the case of the prosecution and be prepared as far as possible to meet it. In the court's opinion the form of this indictment complies with the requirements of the statute. The particulars asked for are denied except as hereinabove stated. Order signed.