Mitchell D. Schweitzer, J.
On March 13, 1956 the Grand Jury of New York County directed the district attorney to file an information in the Court of Special Sessions charging the defendants with having committed the crimes of selling alcoholic beverages without a license and storing alcoholic beverages without a license, in violation of subdivision 1 of section 100 and subdivision 1 of section 96 of the Alcoholic Beverage Control Law, from on or about September 1, 1951 and continuously to on or about February 10, 1956.
On the same day, an order was made by a Judge of this court approving the direction of the Grand Jury, and pursuant thereto, the district attorney filed an information in the Court of Special Sessions of the City of New York, County of New York, against these defendants containing four counts: The first count charges the defendants with the crime of selling alcoholic beverages without a license ‘‘ from on or about Septem *382 ber 1,1951 and continuously to on or about February 10, 1956 ’’; the second count charges the defendants with the crime of storing alcoholic beverages without a license ‘‘ from on or about September 1,1951 and continuously to on or about February 10, 1956 ”; the third count charges the defendants with selling alcoholic beverages without a license “onor about February 10, 1956 ’’; the fourth count charges them with storing alcoholic beverages without a license “ on or about February 10,1956. ’ ’
All of the defendants have moved to vacate and set aside the aforesaid direction of the Grand Jury and the order approving the same, on the ground that “ such direction is vague and indefinite and does not set forth the date when the crimes were alleged to have been committed.” Numerous other grounds have been advanced on the oral argument and briefs submitted on behalf of the defendants. The court has carefully considered all of the grounds urged by the defendants and is of the opinion that none of them justifies the relief sought.
The defendants’ basic argument is that the first and second counts are void inasmuch as these counts fail to allege the dates on which the specific crimes were committed and that an allegation charging the continuous commission of the crime over a period of several years is insufficient. The argument is predicated on the contention that each separate illegal sale constitutes a separate crime and that it is incumbent upon the prosecution to charge the defendants separately and specifically with respect to each such specific sale.
No doubt the Grand Jury and the district attorney could have charged the defendants with a separate crime for each and every illicit sale of which there was sufficient proof for the period covered by the information. While the defendants have been benefited rather than prejudiced by being charged with a single continuous commission of the crimes involved rather than a multiplicity of separate acts, the validity of the first two counts of the information depends upon the determination whether the crimes charged can, by their nature, be continuing crimes.
There is ample authority for charging a defendant with a single continuous crime for a course of conduct over a period of time which comprises the commission of any criminal acts of the same nature motivated by a single common illegal intent or forming part of a general plan or scheme. (People v. Farson, 244 N. Y. 413; People v. Cox, 286 N. Y. 137; Sturgis v. Spofford, 45 N. Y. 446; People v. Parkinson, 43 N. Y. S. 2d 690; People v. Fay, 184 Misc. 684.)
*383 The issues raised by the defendants in this case were similarly involved in People v. Parson (supra). The defendant there was charged with the violation of section 953 of the Penal Law dealing with manipulation of prices of securities. The indictment charged him with the commission of the crime from April 29,1919 to July 17, 1919. The defendant demurred to the indictment on the ground, amongst others, that the indictment which was a single count charged more than one crime. The question there raised is the identical question with that raised by the defendants herein although in somewhat different form. The court upheld the indictment pointing out that the crime might be committed by a single transaction or by a continuous series of acts. The defendant urged there (and the argument is implicit in this case) that the indictment was invalid for the reason that it did not sufficiently identify the specific acts during the period covered by the indictment so as to bar a further prosecution for such acts following a conviction or acquittal of the single continuous crime charged in the indictment. The court there rejected the argument pointing out at page 419 that “ [t]he principle is well settled that an acquittal or a conviction upon a charge that a continuing offense has been committed during a specified time will be a bar to another prosecution for a like offense for another specified time which includes any part of the time named in the first charge.”
This court holds that the crimes charged to wit; selling and storing alcoholic beverages without a license are such crimes that by their very nature can be committed as continuing-crimes. The People have elected to charge these defendants with these crimes as continuing crimes over a period of a number of years. In order to sustain the indictment upon a trial it will be incumbent upon the prosecution to establish what it has charged. The defendants have been charged in effect with continuously having been engaged in these violations during the period of the information. It is this charge which -will have to be proved in order to sustain the first and second counts of the indictment.
The defendants urge further that the first two counts of the information are barred by the applicable Statute of Limitations (Code Crim. Pro., § 142) inasmuch as more than two years have elapsed from the starting date of the commission of the crime. It is not the starting date but the termination date of the commission of a continuous crime which governs the application of the Statute of Limitations. (People v. Hines, 284 N. Y. 93; People v. Fay, 184 Misc. 684, supra.) In the present case, the ending date charged in the information is within the period *384 of limitations and hence the Statute of Limitations is no bar to the present prosecution.
The defendants urged further that the first and third counts of the information are invalid in that the crimes charged therein are not confined to the scope of the direction of the Grand Jury and the order approving said direction. Specifically, defendants complain that the first and third counts of the information charge them not only with selling alcoholic beverages without a license but also with possessing same with intent to sell and that the latter charge was not specifically embraced within the direction of the Grand Jury as approved by the order of the court.
Inasmuch as there was no preliminary hearing in the Magistrate’s Court, the district attorney’s authority for filing the information stems from section 742 of the Code of Criminal Procedure. Although there does not appear to be any reported cases on the question, it may be taken to be implicit in the statute, the requirements that the information in such case must substantially comply with the direction of the Grand Jury. In this case, I am satisfied that there is such compliance. I base this on the fact that the statutory definition contained in the Alcoholic Beverage Control Law of the words, “ [t]o sell ” is as follows: ‘ ‘ includes * * * to keep with intent to sell ”. (Alcoholic Beverage Control Law, § 3, subd. 28.) Inasmuch, therefore, as by statutory definition the word ‘ ‘ sell ’ ’ includes possession with intent to sell, there is no variance between the information and the recommendation of the Grand Jury as approved by the order of the court.
The further argument of the defendants that counts three and four of the information are invalid since they specify the commission of a crime on a specific date already included in the first and second counts is equally specious. The first and second counts allege a continuing crime “to on or about February 10, 1956 ” whereas, the third and fourth counts allege a particular crime on a date which may be construed as beyond the termination date of the continuing offense.
The final argument advanced by the defendants is that the Gold Key Club, Inc. is a corporation organized under the membership corporation law and is a club within the definition of subdivision 9 of section 3 of the Alcoholic Beverage Control Law. The argument further proceeds that the defendant, Gold Key Club, Inc. and the individual defendants aiding and abetting it enjoy the same sort of immunity or exemption from the crimes charged in the information. If the position of these defendants is tenable, then it may constitute a defense which must be raised *385 by them at the trial. If the defendant, Gold Key Club, Inc. enjoys some immunity from prosecution under the sections involved, it does not stem from any exception in the enacting statute so as to require it to be negated in the information. (See Harris v. White, 81 N. Y. 532; People v. Bailey, 103 Misc. 366.)
Defendants ’ motion is denied in all respects.