Cyril J. Brown, J.
The defendant, Bernard Adelstein, demurs to an indictment charging him and his codefendants with the crime of extortion, in violation of section 850 of the Penal Law. The indictment consists of four counts, each of which alleges that during the month of April, 1955 the defendants, each aiding and abetting the other and acting through their agent, Thomas Nolan, an alleged business agent and representative of a local sanitation workers ’ union, made threats to various store owners in this county and as a result thereof obtained property from the victims with their consent. The alleged threats were oral statements that unless each store owner ceased having his garbage and refuse removed by a certain nonunion garbage and refuse collector, the union would post a picket line around the owner’s store. In addition, Nolan is alleged to have demanded that his victims hire a collector from a list of firms, alleged to be union firms, at stated sums per month. Nolan further indicated to the threatened parties that the picket line, which would result from the store owner’s failure to comply with his demands, would cause injury to the store owner’s business income and that the defendants would prevent the removal of garbage and refuse from the business premises, all of which *516 would result in substantial injury to the business and property of the victim. The indictment further alleges, however, that the carting firms listed as union firms were, in fact, nonunion.
The demurrer to the indictment interposed by the defendant Adelstein is based on two grounds: (1) The facts stated do not constitute a crime; and (2) The indictment contains matter which, if true, would constitute a legal justification for the acts charged, or other legal bar to the prosecution of the crime charged. (Code Grim. Pro., § 323.) In support of his second point the defendent argues that if the union had a right to picket by virtue of a labor dispute with the store owners, then there is a legal bar to the prosecution herein. He urges that all that Nolan sought to do was to induce the store owners, by lawful means, to use union garbage collectors.
For purposes of this demurrer the court must accept as true the factual allegations contained therein (People v. Kalbfeld, 124 Misc. 200). It is not necessary at this time to examine into the legality of the threatened picketing by determining whether the picketing would have amounted to a primary or a secondary boycott since the indictment alleges that the intended beneficiaries of the proposed picketing were nonunion carters. By no stretch of the imagination can it be said that a union representative can throw a picket line about a place of business in an effort to exact benefits for those who have no connection with the union. Thus, even aside from the issue of primary or secondary union activity, the acts by the defendants’ agent are not justifiable in law.
As to his contention that the facts stated do not constitute the crime of extortion, the defendant insists that there was no threat to do an unlawful injury to the property of another and, further, that no property was obtained by the defendants from any of their alleged victims. In addition he claims that the alleged acts, if true, would constitute, at best, the crimes of conspiracy and coercion, which are misdemeanors, but would not constitute the crime of extortion, a felony.
Section 850 of the Penal Law defines extortion as: “ the obtaining of property from another, or obtaining the property of a corporation from an officer, agent or employee thereof, with his consent, induced by a wrongful use of force or fear, or under color of official right.” Section 851 of the Penal Law provides that fear which is necessary to constitute extortion may be induced by an oral or written threat to do an unlawful injury to the person or property of the individual threatened or to a corporation of which he shall be an officer, stockholder, employee or agent.
*517 One who with a view to compel another person to do or to abstain from doing an act which such other person has a legal right to do or to abstain from doing, wrongfully and unlawfully uses or attempts the intimidation of such person by threats or force, is guilty of the misdemeanor of coercion (Penal Law, § 530). And, if two or more persons conspire to prevent another from doing any lawful act, by force, threats, intimidation, or by interfering or threatening to interfere with property belonging to another, they are guilty of the misdemeanor of conspiracy (Penal Law, § 580).
An examination of the foregoing indicates that the acts alleged in the indictment could have been the basis for an indictment charging coercion or conspiracy. That does not automatically preclude an indictment for extortion arising out of the same acts, however, and it is the validity of that charge of extortion with which this court is now concerned.
Under the requirements of section 850 an indictment, charging the crime of extortion and arising out of the fact situation quoted above, must plead the following elements: (1) That property was obtained; (2) That it was obtained with the victim’s consent; and (3) That the obtaining of the property was induced by wrongful use of force or fear. Under each of the four counts in the indictment it is alleged that the defendants actually obtained from the victim certain property owned by it, to wit, a stated sum of lawful currency of the United States of America. There can be no question that lawful currency issued by the Federal Government qualifies as property under the intendment of this statute and that the allegation as to that property satisfies in each count the element of “ obtaining of property from another.” (People v. Hagen, 212 App. Div. 879; People ex rel. Short v. Warden of City Prison, 145 App. Div. 861.)
In relation to the second element in each count of the indictment it is alleged that the property was obtained with the consent of the victim.
The indictment further alleges in each count that the delivery of the property by the victim to the defendants was induced by a wrongful use of force and fear. In each count the indictment goes further to describe in detail the oral threat which was used to produce that fear. In substance, the threat was one to do unlawful injury to the property of each of the victims. The injury threatened was that the customers of the victims would be influenced to refrain from doing business with the victims as a result of the picket lines, all of which would result in a substantial injury to the businesses. As discussed above, the allegations in the indictment state that the proposed picketing was *518 unlawful in that it sought to utilize the picket line as a means of obtaining benefits for other than union members. Such a factual allegation is sufficient to constitute the element of a wrongful use of fear produced by threats to do an unlawful injury to the property of the victim.
Accordingly, the demurrer is disallowed.
Submit order.