John J. Walsh, J.
Defendant demurs to an indictment charging a violation of section 145 of the Social Welfare Law (a misdemeanor) on the ground that the facts therein do not constitute a crime and that the indictment is insufficient in law.
The gist of the complaint is that the defendant failed to report his earnings while on public assistance.
The defendant appears to take the position that there is nothing in the indictment to show that the defendant might not be entitled to relief in spite of his alleged earnings from employment (see People v. Hubbard, 10 A D 2d 735 — grand larceny conviction).
Section 145 of the Social Welfare Law provides in part: ‘ ‘ Any person who by means of a false statement or representation, or by deliberate concealment of any material fact, or by impersonation or other fraudulent device, obtains or attempts to obtain, or aids or abets any person to obtain public assistance or care to which he is not entitled, or does any wilful act designed to interfere with the proper administration of public assistance and care, shall be guilty of a misdemeanor, unless such act constitutes a violation of a provision of the penal law of the state of New York, in which ease he shall be punished in accordance with the penalties fixed by such law. Failure on the part of a person receiving public assistance or care to notify the public welfare official granting such assistance or care of the receipt of money or property or income from employment or any other source whatsoever, shall, upon the cashing of a public assistance *889 check by or on behalf of such person after the receipt of such money, or property, or income, constitute 'presumptive evidence of deliberate concealment of a material fact. ’ ’
In the Hubbard case (supra) the grand larceny conviction was reversed and the indictment dismissed on the ground that there was nothing to show that the defendant even though he concealed the fact that he was married might still have been entitled to relief. It is interesting to note in the record on appeal in that case that a count in the indictment charging a violation of section 145 of the Social Welfare Law was dismissed on the trial because the Statute of Limitations had run.
This is a far different situation from the instant case which involves a timely allegation of a violation of section 145 of the Social Welfare Law. In this case, unlike a larceny charge, the failure to disclose any earnings constitutes, “ presumptive evidence of deliberate concealment of a material fact ’ ’ which is the gist of the crime charged.
Demurrer to indictment is disallowed.