John A. Gallucci, J.
The defendant was indicted by indictment No. 69-28, and upon arraignment entered a plea of not guilty. Thereafter, he was permitted to withdraw his plea of not guilty and was granted leave to interpose a demurrer to said indictment.
The indictment charges the defendant, under four counts, with:
1. Grand larceny in the first degree, a felony, by false pretenses, under the first two counts of the indictment;
2. Offering to be filed in a public office a false instrument in writing, a felony, in violation of section 2051 of the old Penal Law, under the third count of the indictment; and
3. Falsely representing that he had a degree, a misdemeanor, in violation of section 224 (subd. 3) of the Education Law, under the fourth count of the indictment.
Defendant’s demurrer is based on the following grounds:
*1079 1. That the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure;
2. That more than one crime is charged in the fourth count of the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure;
3. That the facts stated, as to each count, do not constitute a crime;
4. That the fourth count of the indictment, on its face, is barred by the Statute of Limitations since the acts complained of occurred more than two years prior to the finding of the indictment;
5. That section 224 (subd. 3) of the Education Law is unconstitutional ; and
6. That each count, as alleged, is so uncertain and indefinite as to be violative of the Constitutions of the Unitéd States and of the State of New York.
The first four grounds of demurrer set forth by the defendant are provided for in subdivisions 2, 3, 4 and 5 of section 323 respectively of the Code of Criminal Procedure. The sixth is in effect a repetition of the first and will be so treated by the court.
Defendant’s contention that section 224 (subd. 3) of the Education Law is unconstitutional: — while it is not set forth in section 323 of the Code of Criminal Procedure as a ground for demurrer, the court will, nevertheless, consider it as a proper ground for demurrer.
On a demurrer, the factual allegations of the indictment must be accepted as true and be deemed to have been admitted. (People v. Wright, 12 Misc 2d 961; People v. Squillante, 12 Misc 2d 514; People v. Chester, 4 Misc 2d 949; People v. Kalbfeld, 124 Misc. 200.)
As to the first and sixth grounds of the demurrer, the court is of the opinion that the indictment conforms and complies substantially with the requirements of sections 275 and 276 as to its contents and form, respectively. Defendant’s claims are without merit.
As to the second ground of the demurrer, that more than one crime is charged in the fourth count of the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure, the court concludes that said claim is also without merit.
The defendant contends under the second ground of the demurrer that the fourth count alleges, “ on the 29th day of *1080 December, 1966, and continuing from thence up to and including the 13th day of February, 1969 ”, the defendant falsely represented he had received a Bachelor of Science degree and, therefore, each specific representation should be set forth in the indictment as a separate count since each would constitute a separate crime.
Section 278 provides that an indictment “must charge but one crime and in one form except as in the next section provided ”. Section 279 provides in material part, that: “When there are several charges * * * for two or more acts or transactions connected together * * * instead of having several indictments * * * the whole may be joined in one indictment * * * in separate counts.”
In other words, the defendant’s basic argument under the second ground of the demurrer is that the fourth count of the indictment is void because it fails to allege the dates on which the specific crimes were committed and that alleging the continuous commission of the crime over a period of more than two years is insufficient. The defendant argues that each separate false representation by the defendant that he had a degree is a separate crime and, therefore, the prosecution must charge the defendant separately as to each such false representation. The court does not agree.
A similar claim was made by the defendants in People v. Gold Key Club (2 Misc 2d 380). The defendants there were charged on March 13, 1956, with the misdemeanors of (1) selling alcoholic beverages without a license from about September 1, 1951, to February 10, 1956, and (2) storing alcoholic beverages without a license from about September 1, 1951, to February 10, 1956, and two other counts. The court in refusing to uphold the defendants’ contention, at page 382, said “No doubt the Grand Jury and the district attorney could have charged the defendants with a separate crime for each and every illicit sale of which there was sufficient proof for the period covered by the information. While the defendants have been benefitted rather than prejudiced by being charged with a single continuous commission of the crimes involved rather than a multiplicity of separate acts, the validity of the first two counts of the information depends upon the determination whether the crimes charged can, by their nature, be continuing crimes.
“ There is ample authority for charging a defendant with a single continuous crime for a course of conduct over a period of time which comprises the commission of any criminal acts of the same nature motivated by a single common illegal intent or forming part of a general plan or scheme. (People v. Farson, *1081 244 N. Y. 413; People v. Cox, 286 N. Y. 137; Sturgis v. Spofford, 45 N. Y. 446; People v. Parkinson, 43 N. Y. S. 2d 690; People v. Fay, 184 Misc. 684.) ”
The court in People v. Gold Key Club (supra) held that the crimes of selling and storing alcoholic beverages without a license ‘ ‘ are such crimes that by their very nature can be committed as continuing crimes ’ ’, and at page 383, stated, 11 The People have elected to charge these defendants with these crimes as continuing crimes over a period of a number of years * * * It is this charge which will have to be proved in order to sustain the first and second counts of the indictment.”
In the instant case, the court holds that the crime charged in the fourth count of the indictment, to wit, the misdemeanor of falsely representing that the defendant had a degree, with intent to deceive, is such a crime that by its very nature can be committed as a continuing crime. This is the charge which will have to be proved in order to sustain that count of the indictment.
The defendant alleges, as the third ground of demurrer, that the facts stated do not constitute a crime, referring to each of the four counts of the indictment.
The court will consider first the two larceny counts since the allegations thereof are similar. The first count states that the defendant, on and between January 1,-1967, and the 31st day of August, 1967, wrongfully obtained from the County of Rock-land $12,666.67 by falsely and fraudulently representing that he had the requisite qualifications for appointment to the position of Commissioner of Social Welfare, including a Bachelor of Science degree; that the representations were made by the defendant to induce the Board of Supervisors of the County of Rockland to employ him as Commissioner of Social Welfare and that the board in reliance on such representations did so and continued to employ him at a salary of $19,000 per annum; that the representations were false at the time they were made and the defendant knew they were false in that he never had a Bachelor of Science degree, it being the intent of the defendant to steal $12,666.67 from the County of Rockland and to appropriate the same to his own use. The second count is exactly the same as the first except that it covers the period September 1, 1967, to December 31, 1968, and the amount involved was $30,333.33. Obviously, two separate counts of grand larceny were set forth in the indictment because of the change in the Penal Law. The first count charges grand larceny under the old Penal Law, which was in effect until August 31, 1967, and the second count charges grand larceny under the new Penal Law which became effective on September 1, 1967.
*1082 An indictment or a count of an indictment charging the commission of a particular crime must set forth all of the elements of that crime. (People v. Dabek, 18 A D 2d 773; People v. Riforgiato, 19 A D 2d 132; People v. Lo Pinto, 49 Misc 2d 997, affd. 27 A D 2d 63.)
To charge grand larceny by false pretenses, it must be established that (1) there was a criminal intent to deprive and defraud the owner of property, (2) the defendant made a false representation of a past or existing fact, (3) the defendant knew the representation was false at the time he made it, (4) the defendant obtained property of another, and (5) the representation was believed and relied on by the person to whom made and that person was in whole or in part induced thereby to give his property to the defendant. (People v. Lehrer, 182 Misc. 645; People v. Levitas, 40 Misc 2d 331; People v. Lobell, 298 N. Y. 243; People v. Hubbard, 10 A D 2d 735.)
The two counts charging the defendant with grand larceny allege and set forth all of the elements of grand larceny by false pretenses except one, to wit, that the defendant obtained property of the County of Rockland as a result of the false and fraudulent representation.
The indictment, under the first two counts, sets forth that as a result of the alleged false representation the County of Rock-land employed the defendant as Commissioner of Social Welfare and thereafter paid the defendant the stipulated annual salary. It is the salary paid to the defendant by the County of Rockland after his employment that is claimed to have been stolen by the defendant. It is the salary which was paid to the defendant, that is claimed to be the property the County of Rockland was deprived of, and which was allegedly appropriated by the defendant for his own use and benefit.
An analysis of the allegations in the first two counts of the indictment leads to the inescapable conclusion that the County of Rockland was not deprived of any property because of the alleged false and fraudulent representations made by the defendant. While the County of Rockland employed the defendant as Commissioner of Social Welfare in reliance upon his representations that he had the necessary qualifications, including a Bachelor of Science degree, the salary paid to him was for services rendered. Once the services were rendered, the defendant became entitled to his salary and when he received the same, he got property, to wit, money which then belonged to him. It was no longer the property of the County of Rockland and, therefore, the County of Rockland in paying the defendant the salary was not deprived of any of its property.
*1083 Since an essential element of the crime of grand larceny by false pretenses is lacking, the demurrer must be allowed as to the first two counts of the indictment.
The court having allowed the demurrer as to the first two counts of the indictment on the ground stated, it is unnecessary to determine, and the court does not decide, whether it was improper to charge the defendant with two separate counts of grand larceny when, in effect, one continuous grand larceny is alleged in the first two counts.
The third count charges the defendant with a violation of section 2Q51 of the old Penal Law, to wit, offering a false or forged instrument to be filed in a public office. It alleges that on January 17, 1967, the defendant offered an application for employment with the County of Rockland as Commissioner of Social Welfare to be filed in the office of the Personnel Department of the County of Rockland; that the application was a false instrument since it contained a false statement that defendant had received a Bachelor of Science degree from the University of the State of New York at Buffalo in 1932.
Section 2051 of the old Penal Law provides: “ A person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of the State or of the United States is guilty of a felony.”
To sustain the third count, the court must determine whether the application for employment which contained a false statement is a false or forged instrument within the meaning of section 2051.
In People v. Sansanese (17 N Y 2d 302) the defendant was indicted for violation of section 2051 of the Penal Law as well as other crimes. The defendant filed a false application for an operator’s license under his deceased father’s name with the Department of Motor Vehicles. He used his father’s name on the application instead of his own. The Court of Appeals upheld the dismissal of the count charging a violation of section 2051, and at page 306, referring to section 2051, said, “ The all-encompassing nature of this provision must be read, however, in the light of the extremely narrow construction which the term ‘ instrument ’ has been otherwise given. An instrument has been defined as a ‘ formal or legal document in writing, such as a contract, deed, will, bond, or lease ’ (Black’s Law Dictionary [4th ed., 1951, p. 941]), and as a ‘ legal document (as a deed, will * * *) evidencing legal rights or duties, esp. of one party to another ’ (Webster, Third New Int. Dictionary [1961], *1084 p. 1172). While on the one hand we must not be overly technical in interpreting penal provisions, on the other hand ‘ Penal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate ’. (People v. Wood, 8 N Y 2d 48, 51 [1960]; Penal Law, § 21.)
‘ ‘ In accordance with the above definitions and legal precepts of construction, we conclude that a writing such as an application for an operator’s license is not an 1 instrument ’ as the term is used in section 2051.”
In People v. Cantor (134 Misc. 357) the defendant filed a notice of mechanic’s lien which contained false statements as to contract prices, and was indicted for violating section 2051. A demurrer to the indictment was allowed and the court said at page 357, “ The legislative intention was to cover the instrument itself, and not the several statements therein contained.” See, also, People on Complaint of Fleischman v. Zappello (111 N. Y. S. 2d 317) application for registration of automobile held not to be an instrument; People v. Levitas (40 Misc 2d 331, supra) and People v. Gould (41 Misc 2d 875) both held that applications for rent increases filed which contained false information and statements were not instruments.
In view .of the above legal authorities and concepts, the court concludes that the application for employment filed by the defendant and which contained false statements is not an instrument within the meaning of section 2051, and the demurrer is allowed .as to the third count of the indictment.
Defendant’s contention that the facts stated in the fourth count of the indictment do not constitute a crime has no merit. The allegations set forth in the fourth count contain statements of fact which, if true, support a finding of a violation of section 224 (subd. 3) of the Education Law.
The defendant urges further that the fourth count of the indictment is barred by the applicable Statute of Limitations (Code Crim. Pro., § 142), inasmuch as more than two years have elapsed since the acts which are claimed to constitute the crime occurred more than two years prior to the finding of the indictment. For the purposes of this demurrer, as previously stated, the facts alleged in the indictment as well as everything that can be implied fairly and reasonably must be deemed to be admitted. The fourth count of the indictment alleges that the defendant, ‘ ‘ on the 29th day of December, 1966, and continuing from thence up to and including the 13th day of February, 1969, with the intent to deceive the Board of Supervisors * * * represented * * * that he * * * prior thereto, had received from the University of Buffalo a Bachelor of Science *1085 Degree * * * that in truth and in fact * * * at the time of making said representation and at all times thereafter * * * said representation was false ’ ’. It is, therefore, obvious the fourth count alleges the defendant falsely represented he had a degree, with the intent to deceive, within two years of April 23, 1969, the date the indictment was returned. Accordingly, the two-year Statute of Limitations is not a legal bar to the prosecution of said crime. Upon the trial, it will be incumbent upon the People to prove that the defendant falsely represented he had a degree, with the intent to deceive and that the false representation with the intent to deceive was made within two years of April 23,1969. Besides, the court has determined that the crime charged in the fourth count by its very nature can be committed as a continuing crime. The termination date of the commission of a continuous crime and not the starting date govern the application of the Statute of Limitations. In this, case, the ending date charged in the indictment, to wit, February 13, 1969, is within the two-year period of limitations and, therefore, the Statute of Limitations does not bar the prosecution of said crime.
The defendant also demurs to the fourth count of the indictment on the ground that section 224 (subd. 3) of the Education Law is unconstitutional; that it is vague, general, indefinite, arbitrary, unreasonable, violates freedom of speech and does not affect the public health, safety or general welfare.
Section 224 (subd. 3) of the Education Law provides: “ 3. No diploma or degree shall be conferred in this state except by a regularly organized institution of learning meeting all requirements of law and of the university, nor shall any person, with intent to deceive, falsely represent himself to have received any such degree * * * any * * * violation of this section shall be a misdemeanor.”
If a statute upon its face appears to be reasonable, and if it appears that its natural consequences will be in the direction of the betterment of public health and welfare, it is the duty of the court to pronounce it constitutional. The section seems clear and definite in what is forbiddén thereby. It does not absolutely prohibit a person from falsely representing that he has a degree. The prohibition is against such false representation £ 1 with intent to deceive ’ \ It is not unreasonable or arbitrary and it does not discriminate.
In People v. Wright (12 Misc 2d 961, supra) at page 963, the court stated: “ While it is true that a court of inferior jurisdiction has the right to pass upon the constitutionality of a statute (People v. Lee, 151 Misc. 431), such courts will not declare a law *1086 unconstitutional unless the violation of the Constitution is-plain and patent upon the face of the statute (Hughes-Kelly Corp. v. Town of Babylon, 86 N. Y. S. 2d 48), or unless the unconstitutionality is inescapable (People v. Elkin, 196 Misc. 188). * * * The tendency is to leave such questions to appellate tribunals (City of New Rochelle v. Echo Bay Waterfront Corp., 182 Misc. 176, affd. 268 App. Div. 182, affd. 294 N. Y. 678).
“ ‘ Courts of first instance should not exercise transcendent powers of declaring an act of the Legislature unconstitutional, except in rare cases involving life and liberty, and where invalidity of the act is apparent on its face. A clear usurpation by the Legislature of prohibited power must be found before a statute can be pronounced unconstitutional ’. (McKinney’s Cons. Laws of N. Y., Book I, Statutes [1958 supp.], § 150.) ‘ If a common-sense construction of a statute demonstrates that there was no legislative usurpation of a power prohibited by the Constitution, the statute will not be struck down as unconstitutional. ’ (Mancuso v. Board of Educ., 207 Misc. 703, 706, affd. 309 N. Y. 726.) ”
The court finds that section 224 (subd. 3) of the Education Law making it a misdemeanor for a person to falsely represent he has received a degree, with intent to deceive, is constitutional.
The demurrer is, therefore, allowed as to the first three counts of the indictment and they are dismissed. The demurrer is disallowed as to the fourth count of the indictment, and the defendant is directed to present himself to plead to the fourth count of the indictment on the 23rd day of June, 1969, at 9:30 o ’clock in the forenoon.