Joseph Stoke, J.
The defendant, Gertrude Lofton, was charged with grand larceny in the second degree (Penal Law, § 155.35) and with defrauding the Department of Social Services of the City of New York in violation of section 145 of the Social Services Law, in that she fraudulently received public assistance from the Department of Social Services by concealing from and misrepresenting to that department the facts of her employment with the Board of Education of the City of New York. The complaint charges such misrepresentations were made from June 1, 1968 to February 24, 1970. The complaint was lodged on November 16,1971 and a warrant was issued for defendant’s arrest. Defendant was arraigned on November 23, 1971. On February 22, 1972 the charge of grand larceny was reduced to petit larceny (Penal Law, § 155.25) a class A misdemeanor. The charge of violation of section 145 of the Social Services *286 Law was retained. Defendant waived her right to a jury trial and trial was held before this court.
According to the evidence the defendant had been receiving public assistance since July, 1958. From June 1,1968 to March 2, 1970 the defendant received an average of two checks each month constituting a total of $4,091 from the Department of Social Services. From June 18, 1968 to February 24, 1970 the defendant received $3,313.53 while employed as an Educational Assistant by the Board of Education. On January 29,1969, during a home visit by a social worker employed by the Department of Social Services, the defendant stated that she had no other income. On another visit by a social worker on July 16, 1969 the defendant acknowledged that she had been employed at Public School No. 166 and that she had earned $2.25 an hour, gross $54, net $48.51 a week. She stated that this job had ended at the close of the school year. On February 19, 1970 a social worker interviewed the defendant who admitted working as an Educational Assistant for the prior two years.
Section 155.05 (subd. 2, par. [a]) of the Penal Law provides that a larceny is committed by the intentional wrongful taking or obtaining another’s property by false pretenses.
Section 145 of the Social Services Law provided, in part: “ Any person who by means of a false statement or representation, or by deliberate concealment of any material fact * * * obtains or attempts to obtain * * * public assistance or care to which he is not entitled * * * shall be guilty of a misdemeanor * * * Failure on the part of a person receiving public assistance or care to notify the public welfare official granting such assistance or care of the receipt of money or property or income from employment or any other source whatsoever, shall, upon the cashing of a public assistance check by or on behalf of such person after the receipt of such money, or property, or income, constitute presumptive evidence of a deliberate concealment of a material fact.”
The defendant argues that this prosecution is barred by the Statute of Limitations. CPL 30.10 (subd. 2, par. [c]) provides that the prosecution of a misdemeanor must be commenced within two years after the commission thereof. The prosecution here was commenced upon the lodging of the complaint on November 16,1971 and the issuance of a warrant.
The People contend that the crimes committed between June 1, 1968 and February 19, 1970 were part of a continuous criminal scheme and plan to defraud the Department of Social Services and thus constitute a single larceny. Since 1¡he termination date *287 of the larceny was within two years of November 16, 1971, the statute is not a bar.
For a series of acts to constitute a continuous crime, money or property must be obtained from the same source over a period of time with a single intent and design in execution of a common fraudulent scheme (People v. Cox, 286 N. Y. 137, 141). The termination date of the commission of a continuous crime and not the starting date governs the application of the Statute of Limitations (People v. Kirk, 62 Misc 2d 1078 [1969]).
In Kirh (supra), the defendant was charged with falsely reporting that he held a Bachelor of Science degree when applying for the position of Commissioner of Social Welfare in 1966. He was appointed to that position on the basis of his representations. An indictment charging false pretenses was returned in 1969. The court rejected the argument that the prosecution was barred by the Statute of Limitations and held that the nature of the misrepresentation was such that it could be committed as a continuous crime.
In People v. Cox (286 N. Y. 137, supra), the defendant was convicted of stealing five-cent subway fares over a period of years. The court held that since the property was taken from the same owner and the same place, they evidenced a single intent pursuant to a single plan which may be accumulated and prosecuted as one larceny.
Both these cases are distinguishable from the case before us. In Kirk (62 Misc 2d 1078, supra), the defendant’s representation was obviously intended to continue during his tenure as the Commissioner of Social Welfare. He was granted his position on his initial misrepresentation and by assuming his duties intended that such misrepresentation continue.
Here it was necessary for the defendant to reaffirm her need each time she cashed a welfare check and when interviewed by a social services worker. She did so reaffirm during the January 29,1969 interview and each time she indorsed a check which had the following imprinted statement on the back:
‘ ‘ STATEMENT BY PAYEE
‘ ‘ By endorsing or cashing this check I state that I and the members of my family whose support is included in this check are destitute and still in need of public assistance. I further state that all wages, earnings, income, property or resources which I or members of my family have or have received or are receiving, have been reported to the Department of Social Services. I will notify the Department of Social Service's of *288 any change in our circumstances, finances, employment or resources.”
The Department of Social Services’-decision to recertify her for public assistance was based on such indorsement. Thus, each time she indorsed and cashed a check without reporting her employment, this court must determine whether she was committing a violation of section 155.25 of the Penal Law and former section 145 of the Social Services Law.
A common scheme and plan requires more than repetition of the criminal act. In Cox (286 N. Y. 137, supra), the common scheme and plan was shown by evidence of the defendant inviting others to co-operate with him, sharing the proceeds with his partners, acts and utterances, including reference to his takings as “this racket”, requesting others to “play ball”, and his obtaining a safe deposit box to store the proceeds. These actions all pointed to the conclusion that the defendant regarded the takings as a continuous transaction. There is no such evidence of an intent and a plan of systematic thievery here.
Accordingly, the two-year Statute of Limitations applies and is a bar to the-prosecution of any crime committed prior to November 16, 1969.
The prosecution is not barred as to moneys received on November 17, 1969, December 1, 1969, February 2, 1970 and February 16,1970.
As to these moneys, the court must consider whether there was a violation of section 155.25 of the Penal Law and/or former section 145 of the Social Services Law.
In order to constitute larceny by false pretenses in violation of section 155.25 of the Penal Law, it must be established that (D there was a criminal intent to deprive and defraud the Department of Social Services, (2) the defendant made a false representation of fact, (3) defendant knew the representation was false at the time it was made, (4) defendant obtained money, and (5) the representation was believed, relied upon and was the inducement for the public assistance granted. (See People v. Kirk, 62 Misc 2d 1078, 1082, supra.)
In light of People v. Hubbard (10 A D 2d 735 [2d Dept., 1960]), I find that defendant’s guilt was not proved beyond a reasonable doubt upon this charge. In that case, defendant was convicted of grand larceny in that he represented he was unmarried when he applied for welfare benefits. In fact, he was married and his wife earned .substantial sums of money. In reversing the conviction, the Appellate Division held that the false representation was material only if it were shown that he *289 was not entitled to assistance based on disability which he received; that although his assistance would have been stopped, upon a renewed application, defendant might have been entitled to assistance if his wife did not earn a sum which was adequate to support him.
The defendant here was receiving an income of only $54 per week from her job with the Board of Education. There was no evidence that, regardless of such income, she would not be entitled to some public assistance. Thus the fifth element of larceny under false pretenses has not been shown.
But it must be noted that in the record of appeal in Hubbard (10 A D 2d 735, supra), the count charging a violation of former section 145 of Social Services Law was not before the appellate court because it was dismissed on the trial inasmuch as the Statute of Limitations had run. This charge is before this court. -
On this point, defendant contends that she did give notice of her employment on July 16,1969 and that since the department was on notice of the fraud, the Statute of Limitations began to run on July 16, 1969. I cannot agree with such conclusion. Her statement was as to past employment that ended with that school year (June, 1969). At the time it was made, she was in fact not working. She made no statement that she would be returning to her job. If anything, such notification is an admission of past crimes. Upon resumption of her employment, she was under a duty to notify the Department of Social Services., She was reminded of this every time she indorsed her checks. Thus, unlike the larceny charge, the failure to disclose any earnings constitutes, “ presumptive evidence of a deliberate concealment of a material fact ” which is the gist of the crime charged in former section 145 of the Social Services Law (People v. Green, 36 Misc 2d 888 [1962]).
Defendant is found guilty of violating former section 145 of the Social Services Law and not guilty of the charge of violating section 155.25 of the Penal Law.