*333 OPINION OF THE COURT
John A. Gallucci, J.
The defendant has been indicted for the crime of grand larceny in the second degree under Indictment No. 1472-77 which was returned on July 22, 1977. He now moves for an order dismissing the indictment on the grounds: (1) the indictment fails to comply with the requirements of CPL article 200; and (2) the indictment and the prosecution of the defendant are untimely since a substantial part of the felonious transactions alleged to have been committed by the defendant occurred more than five years prior to the filing of the indictment (CPL 30.10).
The indictment reads as follows:
"the grand jury of Suffolk county, by this Indictment, accuse the defendant of the crime of grand larceny in the second degree, committed as follows:
"The defendant, on or about and between January 1968 and January 1977 in Suffolk County, stole certain property from the Suffolk county republican committee, namely, U. S. Currency having an aggregate value of more than one thousand five hundred dollars, to wit:
"The defendant, while Chairman of the Suffolk county republican committee with the intent to deprive the Suffolk county republican committee of property or to appropriate the same to himself, wrongfully took, obtained or withheld from the Suffolk county republican committee, $245,284.91.”
In support of the motion, the defendant contends that the indictment is jurisdictionally defective and void by reason of the People’s disjunctive pleading of the defendant’s alleged criminal conduct, namely, that the defendant acted with the intent to deprive the committee of property or to appropriate the same to himself (emphasis added by the court), and further, that the defendant wrongfully took, obtained or withheld from the committee, $245,284.91 (emphasis added by the court). The defendant claims that because of such disjunctive pleading, the indictment fails to lawfully apprise the defendant of the specific criminal conduct alleged to have been committed by him and, therefore, the indictment is jurisdictionally void.
The defendant also attacks the indictment on the ground that it improperly contains only conclusory allegations of *334 criminal conduct and does not set forth, as required by statute, "facts supporting every element of the offense charged” (CPL 200.50, subd 7).
Finally, the defendant argues that since the indictment charges the commission of one grand larceny spanning a period of nine years totaling $245,284.91, of necessity it encompasses a series of separate larcenies, i.e., those committed more than five years prior to the return date of the indictment which are time-barred and those committed within five years of the return date of the indictment which would be timely, and that the single count indictment is tainted and must be dismissed because the Statute of Limitations bars the prosecution thereof.
The People oppose the motion as without merit.
It is fundamental that the primary purpose of an indictment is to inform a defendant of the crime with which he is charged (People v Williams, 243 NY 162). An equally important purpose of an indictment is also to distinguish the charge brought against a defendant sufficiently so that a subsequent charge will not be made against the same defendant for the same offense (People v Williams, supra).
To effectuate such purposes, CPL 200.50 prescribes both the form and contents which must be contained in an indictment. Subdivision 7 thereof expressly sets forth that an indictment must contain "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation”.
A determination of the legal sufficiency of an indictment depends in each instance on whether it sets forth the essential elements of the crime charged and contains facts supporting each element with sufficient clarity to inform a defendant of the criminal conduct he is alleged to have been engaged in.
In this case, the defendant stands accused of the crime of grand larceny in the second degree, a class D felony. The statutory provisions setting forth the definition of grand larceny in the second degree as well as the manner in which the crime of larceny shall be pleaded are set forth in sections 155.35, 155.05 and 155.45 of the Penal Law.
Section 155.35 of the Penal Law defines the crime of grand *335 larceny in the second degree as follows: "A person is guilty of grand larceny in the second degree when he steals property and when the value of the property exceeds one thousand five hundred dollars.”
Subdivision 1 of section 155.05 of the Penal Law, in defining the term larceny provides as follows: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.”
Larceny includes "a wrongful taking, obtaining or withholding of another’s property” with such intent (Penal Law, § 155.05, subd 2) and can be committed in various ways, i.e., by trespassory taking, by trick, by false pretenses, by acquiring lost property, by issuing a bad check, by false promise and by extortion.
Although section 155.05 of the Penal Law specifies in detail the various ways in which a larceny can be committed, and the criminal intent which must be proven to accomplish the particular transaction, it is clear from the statutory language of section 155.35 of the Penal Law that the requisite elements of the crime of grand larceny in the second degree are two in number only, to wit: (1) that the defendant stole property; and (2) that the value of the property stolen exceeds $1,500.
Evidence of the legislative intention that the crime of larceny be defined and pleaded simply and broadly in scope is expressly found in the provisions of section 155.45 of the Penal Law.
Subdivision 1 of section 155.45 of the Penal Law, entitled: "Larceny; pleading and proof’, provides as follows: "Where it is an element of the crime charged that property was taken from the person or obtained by extortion, an indictment for larceny must so specify. In all other cases, an indictment, information or complaint for larceny is sufficient if it alleges that the defendant stole property of the nature or value required for the commission of the crime charged without designating the particular way or manner in which such property was stolen or the particular theory of larceny involved. (Emphasis supplied.)
The indictment in this case does not allege that property was taken from the person or obtained by extortion. It merely charges the defendant with the crime of grand larceny in the second degree pursuant to express statutory provision which *336 states that an indictment "is sufficient if it alleges that the defendant stole property * * * without designating the particular way or manner in which such property was stolen or the particular theory of larceny involved” (Penal Law, § 155.45, subd 1). The indictment alleges that the defendant stole property from the Suffolk County Republican Committee, namely, United States currency having an aggregate value of more than $1,500, and is, therefore, a sufficient pleading pursuant to subdivision 1 of section 155.45 of the Penal Law.
The indictment further alleges that "The defendant, while Chairman of the Suffolk county republican committee with the intent to deprive the Suffolk county republican committee of property or to appropriate the same to himself, wrongfully took, obtained or withheld from the Suffolk county REPUBLICAN COMMITTEE, $245,284.91.”
Although the allegations closely follow the wording of the statutory definition of larceny, such procedure is permissible (People v Player, 80 Misc 2d 177). The court finds that the indictment contains a plain and factual statement supporting the requisite elements of the crime of grand larceny in the second degree and the defendant’s commission thereof with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the accusation (CPL 200.50). A commonsense reading of the indictment clearly discloses that the defendant is charged with the crime of grand larceny in the second degree, namely, that between January, 1968 and January, 1977, he stole the sum of $245,284.91 from the Suffolk County Republican Committee.
The indictment sets forth a designated period of time during which the alleged crime was committed by the defendant, the designated county in which the crime took place, and that the defendant stole property of the nature or value required to constitute the commission of the crime of grand larceny in the second degree. The People are under no obligation to set forth the particular way or manner in which the sum of $245,284.91 was stolen or the particular theory of larceny involved (Penal Law, § 155.45, subd 1). See, also, People v Farruggia (41 AD2d 894), in unanimously affirming the defendant’s conviction for grand larceny in the second degree, the court said: "Appellant urges that the indictment does not comply with CPL 200.50 (subd. 7) requiring a plain and concise statement of facts supporting the offense charged because it does not allege that the larceny was committed by false pretenses. The offense *337 charged is larceny. False pretense is an evidentiary allegation of the means used to commit the crime and need not be specifically alleged. (CPL 200.50, subd. [7]; Penal Law, § 155.45.) An indictment charging larceny generally is supported by proof of any conduct constituting larceny as defined by section 155.05 of the Penal Law, except where property is taken from the person or obtained by extortion. (Penal Law, § 155.45, subd. 2.) CPL 200.50 (subd. 7) is a re-enactment of similar provisions of the Code of Criminal Procedure. We find no reason to infer that these provisions of the Criminal Procedure Law enacted after section 155.45 of the Penal Law impliedly repealed it.”
The allegations in the indictment that the defendant stole property from the Suffolk County Republican Committee "with the intent to deprive” said committee of property "or to appropriate the same to himself’, and further, that he "wrongfully took, obtained or withheld” such property are not necessary allegations that must be set forth in an indictment to properly and legally charge the commission of the crime of larceny (Penal Law, § 155.45, subd 1).
Although the People have the burden of proving that the defendant acted with a criminal intent as set forth in section 155.05 of the Penal Law, the pleading of the defendant’s intent, either singly or in the alternative, is surplusage and does not render the indictment jurisdictionally defective and void.
Finally, the court finds no merit to defendant’s claim that he will be subjected to double jeopardy since a verdict of acquittal or of guilty at trial would bar any subsequent or second prosecution for any transaction encompassed by indictment. (CPL 40.20.)
Accordingly, the court finds no merit to the defendant’s claim that the indictment fails to comply with CPL article 200 and must be dismissed as jurisdictionally void.
The defendant further claims that the indictment and his prosecution thereunder are untimely since the Statute of Limitations has run. The indictment accuses the defendant of the crime of grand larceny in the second degree, a class D felony, which must normally be prosecuted within five years after the commission thereof (CPL 30.10, subd 2, par [b]).
As hereinbefore set forth, the indictment alleges that the defendant, while acting as the chairman of the Suffolk County Republican Committee, stole property from the committee *338 over a period of nine years, to wit: "on or about and between January 1968 and January 1977”. The basis of defendant’s assertion of untimeliness is clear and concise, namely, he is accused of criminal conduct which is more than five years old and criminal conduct which is less than five years old. Therefore, he contends he cannot be prosecuted for the criminal conduct alleged in the indictment which occurred more than five years prior to the return date of the indictment and since the People have joined in a single count indictment criminal conduct which is time-barred and not time-barred, the indictment is jurisdictionally defective and must be dismissed.
The People, on the other hand, contend that the indictment and prosecution are timely. The basis of the People’s contention is twofold: (1) that the defendant, while chairman of the Suffolk County Republican Committee, was a trustee of the property of said committee and that the defendant’s theft of moneys from the committee as set forth in the indictment constituted a violation of a fiduciary duty which is being timely prosecuted within one year of such offense (CPL 30.10, subd 3, par [a]); and (2) that the indictment charges the defendant with the commission of a continuing offense, i.e., a single larceny which took place over a period of nine years, and that because of the nature of the crime charged, the period of limitation within which to commence criminal prosecution did not begin until January, 1977 and is timely.
Prior to September 1, 1971, the effective date of the Criminal Procedure Law, both statutory and judicial authority clearly established: (1) that an indictment need not contain factual allegations demonstrating timely prosecution; and (2) that an indictment was not dismissable because it appeared on the face thereof that the prosecution may be barred by the Statute of Limitations (People v Kohut, 30 NY2d 183; see, also, United States v Cook, 84 US 168). Indeed, as stated by the Court of Appeals in People v Kohut (supra, p 186): "the defense of time bar, absent a statute to the contrary, is to be raised on the trial and not on motion addressed to the sufficiency of the indictment”.
To the extent that the issue of timeliness of prosecution was reserved for trial determination, CPL 210.20 abrogates said prior rule of law and expressly provides that "After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that * * * the prosecution is un-
*339 timely, pursuant to section 30.10” (CPL 210.20, subd 1, par [f]). In fact, any such challenge to the indictment is to be made within 45 days after arraignment upon proper papers in support thereof (CPL 210.20, 255.20).
Therefore, although the rule of law governing the time when a defendant can raise the issue of the timeliness of an indictment has been changed, no provisions are set forth in CPL article 200 whereby the People are required to allege factual allegations establishing that the indictment is timely. CPL 200.50 specifically sets forth what allegations must be contained in an indictment and nowhere does it provide that facts of a crime "within the period of limitations” are required to be alleged in the indictment. (People v Kohut, supra, p 187.)
While the defendant contends the indictment is barred by the five-year period of limitation contained in CPL 30.10, absolutely no facts are alleged by him to support such claim (CPL 210.45, subd 1). The defendant’s claim is based solely upon his own legal interpretation that the indictment improperly charges crimes time-barred and not time-barred and is fatally defective. Sworn allegations of fact and/or documentary evidence supporting defendant’s allegations are not present in his supporting papers and no evidence has been submitted by the defendant to conclusively demonstrate that the indictment charges the defendant with crime(s) more than five years old.
As stated above, the People argue that the prosecution is timely on the grounds: (1) the defendant was a fiduciary; and (2) the crime alleged is a continuous crime.
Whether the defendant was a fiduciary and the Statute of Limitations has been tolled pursuant to CPL 30.10 (subd 3, par [a]) cannot be determined from a review of the indictment.
On the other hand, it is apparent from a reading of the indictment that a single continuous crime is alleged to have been committed by the defendant, and "[w]here the offense is a continuing one and is continued to a date within the statute of limitations, it is immaterial that the crime began on a date not within the statute” (21 Am Jur 2d, Criminal Law, p 225; see, also, People v Lofton, 73 Misc 2d 285, supplemented by 78 Misc 2d 202; People v Ingram, 74 Misc 2d 635; People v Kirk, 62 Misc 2d 1078.)
Additionally, the law is well settled that it is a question of fact for the jury to decide, if appropriate, satisfactory and adequate evidence is adduced at trial, whether the crime *340 charged is a continuous crime as well as the defendant’s guilt or innocence thereof. (People v Cox, 286 NY 137; People v Daghita, 276 App Div 20, mod 301 NY 223.)
The indictment is a single count indictment charging the defendant with grand larceny in the second degree. Only one crime is alleged to have been committed by the defendant, namely, that while chairman of the Suffolk County Republican Committee, he stole property from the committee, to wit, the sum of $245,284.91, over a period of nine years, from January, 1968 to January, 1977. The indictment clearly sets forth factual allegations which, if proven, are legally sufficient to establish that the defendant may have violated , a fiduciary duty or in the alternative, engaged in a continuous offense. Proof of such allegations will establish not only that the indictment and prosecution of the defendant are timely but also that- the crime charged has been committed.
The court is presented with a dilemma by the defendant’s claim of untimeliness. CPL 210.45 provides that a pretrial hearing be conducted by the court to determine, as a matter of law, whether the criminal prosecution of the defendant is untimely. Under the particular allegations contained in the present indictment and the nature of the crime involved, to wit: larceny, the conduct of a pretrial hearing would of necessity require proof not only of the timeliness or untimeliness of the prosecution, but also substantial proof of the defendant’s guilt or innocence. In other words, the People would be required to conduct and the defendant would be required to defend essentially two trials, one before the court alone and one before the court and jury. The same evidence would have to be presented, which is dispositive not only of the legal issue of whether prosecution is or is not timely on the ground that the indictment charges the defendant with a continuing offense, but also the factual issue of whether a continuing offense has or has not been committed by the defendant. This is so because the elements of a continuing offense are and remain the same regardless of whether the purpose of finding that a continuing offense has been committed is to determine the timeliness of the prosecution or, in the alternative, that the defendant has or has not committed a continuing offense. (People v Rossi, 7 AD2d 648, affd 5 NY2d 396.)
The court has been unable to find any judicial precedent for resolving the conflict created by the pretrial hearing as set *341 forth in CPL 210.45 and the defendant’s claim of untimeliness. Whereas the purpose of most pretrial hearings is limited in scope, for example, a determination of the sufficiency of an indictment as a pleading, the constitutionality of a penal statute, the legality of Grand Jury proceedings, the issue of double jeopardy, whether a defendant has been denied a speedy trial, whether evidence is admissible upon trial, the capacity of a defendant to stand trial or whether an indictment should be dismissed in the interests of justice, a pretrial hearing on the issue of timeliness would not be so limited under the special, peculiar circumstances of this case. Such a hearing would, of necessity, involve proof by the People which is legally sufficient to enable the court to find, as a matter of law, that the prosecution is timely based on the commission of a continuing offense. The same proof would also support a legal finding by the court at trial that sufficient facts have been proven to warrant a trial jury in finding that the defendant committed a continuing offense as charged and whether he is guilty or not guilty of the crime. In order for the People to prove that the indictment is timely because a continuing crime was committed, they must establish all of the elements of a continuing offense by proper evidence. On the other hand, in order to convict the defendant of the crime charged on trial, they must again prove all of the elements of a continuing crime as well as all of the elements of grand larceny in the second degree. Since proof of timeliness must be based on essentially the same evidence as proof of the crime charged, any pretrial hearing to determine the issue of timeliness would, in effect, constitute a trial of the defendant.
Under such circumstances, limited to the particular nature of this case, and notwithstanding the provisions of CPL 210.45 the court is of the opinion that the conduct of both a pretrial hearing pursuant to CPL 210.20 and CPL 210.45 and a trial of this case would be duplicitous, time consuming and unduly burdensome to all parties concerned.
For all of the reasons hereinabove set forth, defendant’s application for an order dismissing the indictment on the ground of untimeliness is denied, without a hearing, and without prejudice, however, to the defendant to timely reapply for the relief requested upon the trial of the indictment.